LEMMON, Judge
(dissenting).
In my opinion the issue of credit for unearned wages paid in lieu of compensation is not pertinent in cases of temporary disability.
The purpose of workmen’s compensation is to provide the victim of an industrial accident with a minimum subsistence allowance during the period of disability by paying part of his lost wages for a limited period.
In the typical situation the employee is paid compensation benefits from the date of his injury to the date of his return to work, at which time he generally begins receiving full wages, even if he only performs light duties when he first returns. Thereafter, the employee typically continues on the job, and no further compensation is due or sought.
The present problem arises in those cases in which the employee is initially retained, but eventually leaves the job, whether for recurrent disability, for voluntary or involuntary termination, or for whatever reason.
If the retained employee is ultimately determined to be permanently disabled as a result of the original accident, then the employer is liable for compensation benefits for a present maximum of 500 weeks. The issue arises as to credit against this total liability for the weeks that the employer paid full wages. If those wages were unearned, then it is presumed the employer intended the wages in lieu of compensation and the credit is granted. If the wages were earned, however, then the employer’s liability for a total of 500 weeks of compensation remains undiminished, inasmuch as the employer received substantial value for the services by having a labor requirement fulfilled.[1] In either case the employee does not receive compensation for the entire period of his disability, because of the statutory maximum.
These considerations do not apply in the case of temporary disability. In the present case and other cases of temporary disability, the retained employee receives each and every week during the entire period of disability either (1) full wages or (2) partial wages in the form of compensation. The purpose of the compensation act — to provide minimum subsistence during disability by payment of partial wages— is thus fulfilled.
In my opinion no compensation is due by the employer during those weeks in which the retained employee receives full wages (earned or unearned), because the legislatively contemplated need for compensation does not occur. Since no compensation is due, there is no need to consider the question of credit in cases of temporary disability where the employee eventually attains full earning capacity. This is in contrast to the case of permanent dis *863 ability, where the number of weeks in which the employee (eventually determined to be permanently disabled) was paid full wages may or may not be included in the total of 500 weeks of compensation liability imposed on the employer. The issue of credit properly arises in such a case, since voluntary payments “not due and payable when made, may, subject to the approval of the court, be deducted from the payments to be made as compensation.” R.S. 23:1206. The voluntariness of the payments is then the critical issue, and only unearned wage payments may be deducted from total compensation liability.
In my opinion the employer in the present case has satisfied his compensation liability by paying full wages or partial wages (compensation) every week until plaintiff attained full earning capacity. Our original judgment should be reversed.

. Limiting credit to payment of unearned wages solves a policy dilemma. The compensation concept favors retention and rehabilitation of injured employees, which is encouraged by allowing the credit; on the other hand, the allowance of credit would effectively reduce fully earned wages, disregard the employee’s productivity, and grant a windfall to an employer who both has his labor requirement fulfilled and his compensation liability reduced.